### RHODES U. ELDRED *vs.* GEORGE AVEDISIAN *et al.*

#### PROVIDENCE—MARCH 29, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *Assignments for Benefit of Creditors.   Bonds to Release Attachment.*

Pub. Laws cap. 984, § 4, provides that "every assignment at common law for the benefit of creditors shall be effectual to dissolve any attachment, levy, or lien placed upon the property of the assignor not more than four months prior to the making of such assignment":—

*Held,* that a bond given under provisions of Gen. Laws cap. 253, § 14, to discharge an attachment is not vacated by the assignment of the principal therein.

(2) *Treble Costs.*

Where the amount involved in an action was but $7, and in the light of a prior decision of the court, the defendant first claimed a jury trial and then filed a petition for a new trial, treble costs will be imposed, under Gen. Laws cap. 247, § 16.

DEBT ON BOND.   Heard on petition of defendant for new trial, and denied.

PER CURIAM.   This action is brought upon a bond given under the provisions of Gen. Laws R. I. cap. 253, § 14.   The principal defendant made a general assignment within four months after the attachment in the case in which the bond was given and claims that this vacated the obligation of the bond, under the provisions of Pub. Laws cap. 984, § 4, which provides that "Every assignment at common law for the benefit of creditors shall be effectual to dissolve any attachment, levy, or lien placed upon the property of the assignor not more than four months prior to the making of such assignment," &c.

(1)    This claim is untenable.   The attachment in the original case was dissolved when, on receipt of the bond, the goods attached were surrendered by the officer to the defendant; *Easton* v. *Ormsby,* 18 R. I. 309, 313.   When the assignment was made there was no subsisting attachment.   The bond is an independent obligation voluntarily substituted by the defendant in the place of the goods attached and not affected in its validity by any subsequent act of his.   Payment of the judgment alone could extinguish it.   The amount involved in the original action is seven dollars, and with the decision of this

court in *Easton* v. *Ormsby, supra,* before them, the defendants have first demanded a jury trial and then brought the matter to this court, evidently to hinder and delay the plaintiff in the collection of his just debt.

We think it proper in this case to impose the penalty provided by Gen. Laws R. I. cap. 247, § 16, and the petition will be dismissed with treble costs, and the case will be remitted to the Common Pleas Division with direction to enter judgment upon the verdict with costs as aforesaid.

*J. Jerome Hahn and P. H. Mulholland,* for plaintiff.

*James A. Williams,* for defendant.